Louis Pechman (Bar No. 035931983)
Laura Rodriguez (Bar No. 150282015)
Catalina Cadavid (Bar No. 203388016)
Pechman Law Group PLLC
488 Madison Avenue – 17th Floor
New York, New York 10022
(212) 583-9500
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY

------------------------------------------------------------------X
JUAN ZAMORA,

                Plaintiff,

  -against-

MAMOUNS HOBOKEN, LLC d/b/a MAMOUN'S     **COMPLAINT**
FALAFEL, NEDAL CHATER, GALAL CHATER,
KINAN CHATER, and HUSSAM CHATER,

                Defendants.
------------------------------------------------------------------X

      Plaintiff Juan Zamora ("Zamora" or "Plaintiff"), by his attorneys Pechman Law Group PLLC, complaining of Defendants Mamoun's Hoboken, LLC d/b/a Mamoun's Falafel ("Mamoun's Falafel"), Nedal Chater, Galal Chater, Kinan Chater, and Hussam Chater (collectively, "Defendants") alleges:

## NATURE OF THE COMPLAINT

      1.    Zamora was paid a fixed salary by Defendants, regardless of the number of hours he actually worked. For the majority of his dozen years of employment by Defendants, he was denied statutorily required overtime pay.

      2.    Mamoun's Falafel is owned and operated by the Chater family, who have restaurant locations throughout New York, New Jersey, and Connecticut.

      3.    The original Mamoun's Falafel is located in New York. It was established in 1971 and is the oldest falafel restaurant in New York. It is referred to in the press as a

"legendary late night eatery," has been featured on the Food Network, and touted by various publications as serving the best falafel sandwich.

4. Nedal Chater, Galal Chater, Kinan Chater, and Hussam Chater are brothers and co-owners of Mamoun's Falafel.

5. This action is brought to recover unpaid overtime compensation, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New Jersey State Wage and Hour Law, N.J.S.A. § 34:11-56a *et seq.* and N.J.A.C. § 12:56 *et seq.* ("NJWHL").

6. Zamora seeks compensation for unpaid overtime pay, liquidated damages, and attorneys' fees and costs pursuant to the FLSA and NJWHL.

## JURISDICTION

7. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under NJWHL pursuant to 28 U.S.C. § 1367.

## VENUE

8. Venue is proper in the District of New Jersey under 28 U.S.C. § 1391, because the events giving rise to this Complaint occurred at Mamoun's Falafel, which was located and operated by Defendants at 502 Washington Street, Hoboken, New Jersey 07030, and is now located on 300 Washington Street, Hoboken, New Jersey, 07030.

## THE PARTIES

**Plaintiff Juan Zamora**

9. Juan Zamora ("Zamora") resides in Queens, New York.

10. Defendants employed Zamora as a food prepper and porter from in or about 2004 through November 11, 2016.

2

**Defendant Mamouns Hoboken, LLC**

11. Mamouns Hoboken, LLC owns and operates Mamoun's Falafel.

12. Mamoun's Falafel is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

13. Mamoun's Falafel has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

14. In each of the three years prior to the filing of the Complaint, Mamoun's Falafel had an annual gross volume of sales in excess of $500,000 per year.

**Defendant Nedal Chater**

15. Nedal Chater ("Nedal") is an owner of Mamoun's Falafel.

16. Nedal has and exercises authority to hire and fire employees, direct the manner in which employees perform their daily duties and assignments, and establishes the pay practices and work and scheduling policies at all the Mamoun's Falafel locations.

17. Nedal exercises sufficient control over the operations of Mamoun's Falafel to be considered Plaintiff's employer under the FLSA and NJWHL.

18. Throughout Plaintiff's employment, on Sundays, Nedal delivered supplies and pre-prepared food from a factory in Newark, New Jersey to each of the Mamoun's Falafel restaurants.

**Defendant Kinan Chater**

19. Kinan Chater ("Kinan") is an owner of Mamoun's Falafel.

20. Kinan has and exercises authority to hire and fire employees, direct the manner in which employees perform their daily duties and assignments, and

establishes the pay practices and work and scheduling policies at all the Mamoun's Falafel locations.

21. Kinan exercises sufficient control over the operations of Mamoun's Falafel to be considered Plaintiff's employer under the FLSA and NJWHL.

22. Throughout Plaintiff's employment, Kinan was regularly present at Mamoun's Falafel overseeing employees' work and making day to day decisions for the business.

23. Kinan gave Zamora his wages when Zamora worked at the Hoboken location.

**Defendant Galal Chater**

24. Galal Chater ("Galal") is an owner of Mamoun's Falafel.

25. Galal has and exercises authority to hire and fire employees, direct the manner in which employees perform their daily duties and assignments, and establishes the pay practices and work and scheduling policies at all the Mamoun's Falafel locations.

26. Galal exercises sufficient control over the operations of Mamoun's Falafel to be considered Plaintiff's employer under the FLSA and NJWHL.

27. Throughout Plaintiff's employment, Galal visited Mamoun's Falafel periodically and consulted with Defendants regarding business decisions impacting the restaurant.

**Defendant Hussam Chater**

28. Hussam Chater ("Hussam") is an owner of Mamoun's Falafel.

29. Hussam has and exercises authority to hire and fire employees, direct the manner in which employees perform their daily duties and assignments, and

establishes the pay practices and work and scheduling policies at all the Mamoun's Falafel locations.

30. Hussam exercises sufficient control over the operations of Mamoun's Falafel to be considered Plaintiff's employer under the FLSA and NJWHL.

31. The certificate of formation of Mamouns Hoboken, LLC lists Hussam as the registered agent for the company.

32. Various news publications have specifically identified Hussam as the owner of the Mamoun's Falafel restaurants. For example, a March 18, 2015 article on NJ.com stated, "[Mamoun's Falafel] restaurants are the creation of owner Hussam Chater." Bill of Fare: Mamoun's Falafel brings Middle Eastern Cuisine to Princeton, NJ.com (March 18, 2015), http://www.nj.com/dining/2015/03/bill_of_fare_mamouns_falafel_b.html.

33. In a November 6, 2014 Q&A with the Daily Princetonian, Hussam talks about his ownership of the business and his managerial duties saying, "sometimes dealing with employees and long hours is stressful." Q&A: Princeton Mamoun's Falafel Owner and Manager Hussam Chater, Daily Princetonian (Nov. 6, 2014), http://preview.dailyprincetonian.com/street/2014/11/qa-hussam-chater-princeton-mamouns-falafel-owner-and-manager/.

## FACTUAL ALLEGATIONS

34. Mamoun's Falafel is open seven days per week.

35. Mamoun's Falafel is open: Monday through Wednesday from 10:00 a.m. to 2:00 a.m., Thursday through Saturday from 10:00 a.m. to 5:00 a.m., and Sunday from 10:00 a.m. to 1:00 a.m.

36. Zamora worked for Defendants at three different locations of Mamoun's Falafel.

5

37. Zamora worked as a food prepper and porter at the Mamoun's Falafel restaurant in Greenwich Village in New York City from 2004 to in or about March 2011, and the Mamoun's Falafel location in the East Village in New York City from May 2016 until in or about November 2016.

38. Zamora worked as a food prepper and porter at Mamoun's Falafel in Hoboken, NJ from March 2011 through May 2016.

39. As a food prepper, Zamora received orders from the cashier and made sandwiches, platters, and other food for customers.

40. As a porter, Zamora was responsible for wiping counters, sweeping, mopping, and removing garbage from the kitchen and restaurant after the restaurant closed.

41. From in or about March 2011 through the end of 2014, Zamora worked six days per week from approximately 6:00 p.m. to 2:00 a.m. as a food prepper, and from approximately 2:00 a.m. to 3:00 or 4:00 a.m. as a porter, for an approximate total of fifty-four to sixty hours per week.

42. In or about early 2015 through May 2016, Zamora worked five days per week from approximately 6:00 p.m. to 2:00 a.m. as a food prepper, and from approximately 2:00 a.m. to 4:00 a.m. as a porter, for an approximate total of fifty hours per week.

43. From the time he was hired in or about 2004 until May 1, 2016, Defendants paid Zamora a fixed weekly salary regardless of the number of hours he actually worked.

44. Zamora received periodic raises throughout his time working for Defendants. Zamora was paid in cash and did not keep a written record of his wages over the years. Thus, the exact dates of the raises are unknown.

45. Starting in or about January 2015, Zamora received a weekly salary of $600.

46. Zamora received a weekly salary of $620 from in or about 2016 until May 2016, when Defendants started paying him an hourly wage.

47. Zamora did not receive overtime pay prior to May 2016.

48. From May 2016 until the end of his employment on November 11, 2016, Defendants paid Zamora at an hourly wage rate.

49. Zamora was consistently required to work in excess of forty hours per workweek.

50. Defendants did not compensate Zamora with overtime pay at the rate of one and one-half times his hourly rate as required by the FLSA and NJWHL for all hours that he worked in excess of forty per workweek.

51. Defendants did not make any efforts to monitor or record the actual hours worked by Zamora prior to May 1, 2016.

52. Zamora was not required to clock in or out at the start and the end of his shifts prior to May 2016.

### FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

53. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

54. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages for all of the hours that he worked in excess of forty in a workweek prior to May 2016.

55. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed Plaintiff.

56. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff's compensation.

57. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

58. Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## SECOND CLAIM
### (New Jersey Wage and Hour Law – Unpaid Overtime)

59. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

60. The overtime wage provisions of N.J.S.A. § 34:11-56a *et seq.* and the supporting New Jersey Department of Labor Regulations apply to Defendants and protect Plaintiff.

61. Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the N.J.S.A. § 34:11-56a *et seq.* and the supporting New Jersey Department of Labor Regulations, specifically N.J.A.C. § 12:56-14.1 *et seq.*  Specifically, Defendants did not pay Plaintiff a base hourly rate not less than 1.5 times the applicable minimum wage rate for all hours worked in excess of forty per workweek prior to May 2016.

62. By Defendants' knowingly and/or intentionaly failing to pay Plaintiff overtime wages for hours worked in excess of forty hours per workweek, they have willfuly violated N.J.S.A. § 34:11-56a4 *et seq.* and the supporting New Jersey Department of Labor Regulations.

63. Due to Defendants' violations of the NJWHL, Plantiff is entitled to recover from Defendants unpaid overtime wages, reasonable attorney's fees and costs of the action, and pre- and post-judgment interests.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

    a.    declaring that Defendants have violated the overtime wage provisions of the FLSA and NJWHL;

    b.    declaring that Defendants' violations of the FLSA and NJWHL were willful;

    c.    awarding Plaintiffs damages for unpaid overtime wages pursuant to the FLSA and NJWHL;

    d.    awarding Plaintiffs liquidated damages pursuant to the FLSA;

    e.    awarding Plaintiff's reasonable attorneys' fees and costs pursuant to the FLSA and NJWHL; and

    f.    awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
         January 16, 2018

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman
Laura Rodriguez
Catalina Cadavid
Pechman Law Group PLLC
488 Madison Avenue, 11th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
rodriguez@pechmanlaw.com
cadavid @pechmanlaw.com
*Attorneys for Plaintiff*